[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 12-15787
Non-Argument Calendar
_____

D.C. Docket No. 4:12-cr-00148-WTM-GRS-1


UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

RUPERT JONES,

Defendant-Appellant.


_____

Appeal from the United States District Court
for the Southern District of Georgia
_____

(August 20, 2013)

Before BARKETT, WILSON and ANDERSON, Circuit Judges.

PER CURIAM:

Rupert Jones appeals his 60-month sentence, imposed for theft of government funds, in violation of 18 U.S.C. § 641.  On appeal, he argues that the district court: (1)  clearly erred in applying a four-level aggravating role adjustment for his aggravating role in the offense; and  (2) impermissibly delegated authority over his restitution payment schedule to the Bureau of Prisons ("BOP").

## I.  Aggravating Role Enhancement

"A district court's enhancement of a defendant's offense level based on his role as an organizer or leader is a finding of fact reviewed for clear error."  *United States v. Rendon*, 354 F.3d 1320, 1331 (11th Cir. 2003).  Under clear error review, when two permissible views of the evidence exist, the factfinder's choice between them will not be clearly erroneous. *Anderson v. City of Bessemer City, N.C.,* 470 U.S. 564, 575, 105 S.Ct. 1504, 1512, 84 L.Ed.2d 518 (1985)).  When reviewing a decision under the clear error standard, a reviewing court may not "reverse the finding of the trier of fact simply because it is convinced that it would have decided the case differently."  *Anderson*, 470 U.S. at 573, 105 S.Ct. at 1511.  "The government bears the burden of proving by a preponderance of the evidence that the defendant had an aggravating role in the offense."  *United States v. Yeager*, 331 F.3d 1216, 1226 (11th Cir. 2003).

The Sentencing Guidelines provide that a four-level enhancement may be applied if "the defendant was an organizer or leader of a criminal activity that

2

involved five or more participants or was otherwise extensive." U.S.S.G.

§ 3B1.1(a). The commentary to the guidelines provides further guidance for courts

in determining the extent of the defendant's role in the offense:

> To qualify for an adjustment under this section, the defendant must have been the organizer, leader, manager, or supervisor of one or more other participants.
>
> . . .
>
> In distinguishing a leadership and organizational role from one of mere management or supervision, titles . . . are not controlling. Factors the court should consider include the exercise of decision making authority, the nature of participation in the commission of the offense, the recruitment of accomplices, the claimed right to a larger share of the fruits of the crime, the degree of participation in planning or organizing the offense, the nature and scope of the illegal activity, and the degree of control and authority exercised over others. There can, of course, be more than one person who qualifies as a leader or organizer of a criminal association or conspiracy. This adjustment does not apply to a defendant who merely suggests committing the offense.

U.S.S.G. § 3B1.1, comment. (n.2, 4). "There can, of course, be more than one

person who qualifies as a leader or organizer of a criminal association or

conspiracy." U.S.S.G. § 3B1.1 cmt. (n.4). The defendant does not have to be the

"sole leader or kingpin of the conspiracy in order to be considered an organizer or

leader within the meaning of the Guidelines." *Rendon*, 354 F.3d at 1332

(quotation omitted). A leader/organizer enhancement may apply where the

defendant was the leader or organizer of only one person. *Yeager*, 331 F.3d at

3

1226-27.  The district court's application of a § 3B1.1(a) enhancement is given deference on appeal.  *Rendon*, 354 F.3d at 1332.

Given the records showing Jones held titles at the stores involved in the fraud, had signature authority over bank accounts of some stores, and was both sought out for and gave instructions when his wife was in the hospital, it cannot be said that the district court's view of the evidence was impermissible.  Therefore, the court did not clearly err in imposing the four-level enhancement.

## II. Delegation of Authority

We review criminal restitution orders *de novo*.  *United States v. Prouty*, 303 F.3d 1249, 1251 (11th Cir. 2002).  Under 18 U.S.C. § 3572, a court may provide for restitution to be paid in installments for a length of time set by the court.  18 U.S.C. § 3572(d)(1), (2).  If restitution is ordered, "the court shall . . . specify in the restitution order the manner in which, and the schedule according to which, the restitution is to be paid."  18 U.S.C. § 3664(f)(2).

In *Prouty*, the district court ordered the defendant to pay immediately restitution in the amount of more than $5,000,000.  *Prouty*, 303 F.3d at 1253-54.  Counsel noted that the defendant could not pay such a large fine immediately, and requested that the court impose a payment schedule.  *Id.*, 303 F.3d at 1254.  The court stated, "I will leave that to the discretion of the Probation Office or whoever does that."  *Id.*  We held that the district court erred in delegating the setting of the

repayment schedule to the probation office, as the statutes are clear that the setting of the repayment schedule is a judicial duty. *Id.*, 303 F.3d at 1255.

Here, the district court did not improperly delegate authority to the BOP over the setting of Jones's restitution repayment schedule. Unlike the court in *Prouty*, the district court here made no explicit delegation of authority to the BOP. *See Prouty*, 303 F.3d at 1254. Nor did the court make any implicit delegation of authority by setting only a minimum monthly payment amount, as it was not required to set a specific or maximum monthly payment. *See* 18 U.S.C. §§ 3572(d)(1), (2), 3664(f)(2).

Based upon the foregoing and our review of the record and the parties' briefs, we conclude that the district court did not err in sentencing Jones and affirm his sentence.

**AFFIRMED.**